UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PERRY SIMMS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 3:17-cv-00202** |
| | * | |
| **JAMES LEBLANC, RAMAN SINGH,** | * | **JUDGE JOHN W. deGRAVELLES** |
| **DARRYL VANNOY, STEPHANIE** | * | |
| **LAMARTINIERE, LT. J. BUTLER,** | * | **MAGISTRATE JUDGE** |
| **DEPT. OF PUBLIC SAFETY &** | * | **ERIN WILDER-DOOMES** |
| **CORRECTIONS, and DOES 1-10** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE ANSWER
FILED ON BEHALF OF JUSTIN BUTLER**

**NOW INTO COURT,** through undersigned counsel, come defendants, James LeBlanc, Secretary for the Louisiana Department of Public Safety & Corrections, Dr. Raman Singh, Medical/Mental Health Director of the Department of Public Safety & Corrections, Warden Darryl Vannoy, Warden Stephanie Lamartiniere, the Department of Public Safety & Corrections, Justin Butler and Darrell Thrasher, who file this opposition to plaintiff's motion to strike the answer filed on behalf of Justin Butler.

Plaintiff's motion to strike is a thinly veiled attempt to seek a default judgment against a state employee, which the state appointed counsel for, and presumably seek to collect the judgment from the state. Undersigned counsel was retained by the state to defend a former state employee, in accordance with the state's statutory duties. Contrary to plaintiff's assertions, the undersigned does in fact represent Justin Butler, was not required obtain a waiver of conflicts, because no conflicts

-1-

exist, and was not required to get informed consent from Butler regarding the state's payment of defense fees. This motion has no merit, and should be denied.

In this suit, Offender Simms contends he suffered a delay in obtaining treatment for complaints of chest pain. Offender Simms filed his claim against numerous defendants, including prior Angola employees, EMT Darrell Thrasher and security personnel Justin Butler. After the recent deposition of EMT Thrasher, for the first time, plaintiff's counsel announced his intent to take the deposition of security personnel Justin Butler. Undersigned informed plaintiff's counsel that it may be difficult to schedule Butler's deposition because undersigned had not been able to reach Butler in person or over the phone. As evidenced by the emails attached to plaintiff's motion, plaintiff's counsel's description of the events is inaccurate. Undersigned informed plaintiff's counsel that he does in fact represent Butler and was appointed to represent him by the attorney general.

Under LSA-R.S. 13:5108.1, the state is obligated to defend an employee of the state against any suit filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's employment with the state. If the state employee was engaged in the performance of the duties of his office or employment with the state at the time the events that form the basis of the cause of action happened, then the "attorney general **shall** provide a defense to the covered individual." Emphasis added. LSA-R.S. 13:5108.1(B)(3). The relevant portions of the statute are as follows:

|   |   |   |
|---|---|---|
| A. | | Indemnification. |
| (1) | | The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state. |

...

B.     Coverage process.

...

(2)     ...the attorney general shall investigate, by examining the face of the complaint, process, notice, demand, or pleading, and any other information available to the attorney general, whether the covered individual was engaged in the performance of the duties of his office or employment with the state at the time the events that form the basis of the cause of action happened.

(3)     If the attorney general concludes that the covered individual was engaged in the performance of the duties of his office or employment with the state at the time the events that form the basis of the cause of action happened and that the covered individual was free of criminal conduct, then the attorney general shall provide a defense to the covered individual....

(See LSA-R.S. 13:5108.1(A)1; 13:5108.1(B)(2); 13:5108.1(B)(3).)

In accordance with La. R.S. 13:5108.1, the attorney general determined that Mr. Butler was entitled to a defense and, therefore, appointed undersigned counsel to represent Mr. Butler along with all of the named defendants in this matter.[1] While Mr. Butler is no longer employed by the state, the state is providing a defense pursuant to LSA-R.S. 13:5108.1. Under this statutory appointment, undersigned counsel filed an answer on behalf of Butler. Plaintiff now argues that undersigned counsel does not represent Butler, an employee of the DOC, when in fact plaintiff himself sued the DOC "as an indemnitor of its employees for state-law torts." R.Doc. 1 ¶ 17. Now

---

[1] See Notice of Appointment Letters, annexed hereto and labeled Exhibit "A" in globo.

plaintiff argues that the state cannot appoint counsel for its employees. This argument is nonsensical and should be disregarded.

Plaintiff argues that there are conflicts of interest between the individual defendants and the DOC, citing *Nagle v. Gusman*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015). However, *Nagle* concerned a § 1983 claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), which only applies to municipalities. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 58, 109 S. Ct. 2304, 2306, 105 L. Ed. 2d 45 (1989). Under *Monell*, a municipality may avoid liability by showing that the employee was not acting within the scope of his official duties, because his unofficial actions would not be pursuant to municipal policy, thus a conflict of interest can exist. *Dunton v. Suffolk Cnty., State of N.Y.*, 729 F.2d 903, 907 (2d Cir.1984). The same defense does not apply to §1983 claims against the State, as the state is not a person under § 1983.

Plaintiff further cites the Louisiana Rules of Professional Conduct and argues that undersigned counsel should have obtained informed consent that the state would pay the legal fees. However Rule 1.8(f) states: "A lawyer shall not accept compensation for representing a client from one other than the client unless: (1) the client gives informed consent, **or the compensation is provided by contract with a third person** such as an insurance contract or a prepaid legal service plan." Emphasis added. Here, by virtue of Butler's employment contract with the state, the state provided a defense of plaintiff's claims. No informed consent was needed.

Plaintiff cites no authority for the proposition that the state cannot appoint counsel to defend its employees against plaintiff's claims. In fact, the state is statutorily obligated to provide such a

defense. There is no question that undersigned counsel represents Butler in this matter. Plaintiff's assertions that Butler has not answered discovery should be addressed in a discovery conference rather than a motion to strike pleadings. Defendants respectfully pray that this motion be denied.

        Respectfully Submitted,

        **JEFF LANDRY**
        **Attorney General**

        By: s/Andrew Blanchfield
          Andrew Blanchfield, T.A. (#16812)
          Email: ablanchfield@keoghcox.com
          C. Reynolds LeBlanc (#33937)
          Email: rleblanc@keoghcox.com
          John N. Grinton (#34571)
          Email:  jgrinton@keoghcox.com
          Chelsea A. Payne (#35952)
          Email: cpayne@keoghcox.com
          Special Assistant Attorneys General
          701 Main Street (70802)
          Post Office Box 1151
          Baton Rouge, Louisiana  70821
          Telephone:  (225) 383-3796
          Facsimile:  (225) 343-9612

## CERTIFICATE OF SERVICE

  I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

  Baton Rouge, Louisiana, this 17th day of July, 2018.

        s/Andrew Blanchfield
       ANDREW BLANCHFIELD