UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PERRY SIMMS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 3:17-cv-00202** |
| | * | |
| **JAMES LEBLANC, RAMAN SINGH,** | * | **JUDGE JOHN W. deGRAVELLES** |
| **DARRYL VANNOY, STEPHANIE** | * | |
| **LAMARTINIERE, LT. J. BUTLER,** | * | **MAGISTRATE JUDGE** |
| **DEPT. OF PUBLIC SAFETY &** | * | **ERIN WILDER-DOOMES** |
| **CORRECTIONS, and DOES 1-10** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**NOW INTO COURT,** through undersigned counsel, come defendants, James LeBlanc, Secretary for the Louisiana Department of Public Safety & Corrections, Dr. Raman Singh, Medical/Mental Health Director of the Department of Public Safety & Corrections, Warden Darryl Vannoy, Warden Stephanie Lamartiniere, the Department of Public Safety & Corrections, Justin Butler and Darrell Thrasher, who file this opposition to plaintiff's motion to compel. Plaintiff's discovery requests are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Even if the information sought was relevant, the requests are unduly burdensome, not proportional to the needs of the case and the burden of the expense of the proposed discovery outweighs any likely benefit.

1. **Factual Background**

In this suit, plaintiff contends he suffered a delay in obtaining treatment for complaints of chest pain. Plaintiff propounded discovery in October 2017 and defendants answered the discovery

-1-

in November 2017. Pertinent here, defendants objected to several discovery requests seeking all information concerning any inmate who had a heart attack from 2007 to present. Defendants objected on the grounds that: (1) the discovery was irrelevant; (2) defendants have no way to assemble such information, as it is not readily available and would require Angola employees to review all medical records of all inmates at Angola; and (3) production of such information would violate HIPPA laws. See R.Doc. 33-4; Exhibit A. Defendants produced over 3,800 pages of documents and submitted numerous written answers to discovery. The following requests are at issue here:

> **INTERROGATORY NO. 1**
> Identify all Angola inmates who had heart attacks from 2007 to the present.
>
> **INTERROGATORY NO. 2**
> For each inmate identified in response to Interrogatory No. 1, identify the length of time between when an EMT was called for them and when they were seen at the ATU.
>
> **INTERROGATORY NO. 3**
> For each inmate identified in response to Interrogatory No. 1, identify the length of time between when they were seen at the ATU and when they were taken to an outside hospital.
>
> **REQUESTS FOR PRODUCTION OF DOCUMENTS**:
>
> 18. All documents concerning the death of Nathan Hills (DOC #81089).
>
> 19. All documents regarding heart attacks suffered by inmates at Angola from 2010 to the present, including but not limited to deaths by heart attacks.

2.   **The Requests Are Overbroad and Irrelevant**

Plaintiff alleges that he is entitled to all medical records of any inmate that suffered from a heart attack in the last ten years. The information sought is irrelevant and not likely to lead to the

discovery of admissible evidence. Plaintiff alleges that under *Hinojosa v. Livingston*, 807 F.3d 657, 662 (5th Cir. 2015), all heart attack records are relevant. In *Hinojosa*, shortly after an inmate arrived at the prison facility, he died from complications of a heat stroke. Plaintiff alleged that the inmate was susceptible to a heat stroke due to various medications. Plaintiffs also alleged that defendants were aware that these certain medications made plaintiff susceptible to heat stroke because several inmates had died of a heat stroke taking the same medications. On a Rule 12 motion to dismiss, defendants argued that they were not aware of the inmate's specific medical history and needs. The court held that plaintiff stated a claim for an Eighth Amendment violation because "[p]rison officials cannot escape liability in a conditions-of-confinement case like this one by arguing that, while they allegedly were aware of and consciously disregarded a substantial risk of serious harm to a discrete class of vulnerable inmates, they were not aware that the particular inmate involved in the case belonged to that class."

In plaintiff's complaint, he alleges that defendants were "aware of a substantial risk of serious harm to a discrete class of vulnerable inmates (Angola inmates suffering from acute medical crises)" through a letter written by the Advocacy Center in 2014 which allegedly stated that the Center received reports of prisoners in acute medical crisis not receiving care.[1] The Complaint does not allege that defendants participated in "a pattern of harm whereby inmates having heart attacks were not promptly brought to medical care" as asserted in plaintiff's motion to compel. Plaintiff is simply

---

[1] It should be noted that the letter from the Advocacy Center was extremely biased; the Advocacy Center has sued Angola on multiple occasions and was even precluded from testifying in another inmate case due to bias. *Hacker v. Cain*, 3:14-cv-00063-JWD-EWD, R.Doc. 296 p. 25.

on a fishing expedition. This vague allegation concerning inmates suffering from an acute medical crisis does not entitle plaintiff to every document and medical record for any inmate that may have suffered a heart attack the last ten years.

Defendants also objected to the information as a violation of HIPPA. While plaintiff's counsel is correct that undersigned counsel has produced non-party medical records under a protective order, counsel for plaintiff repeatedly violates such protective orders by using documents received in one proceeding in another. For example, in response to defendants' assertion that defendants would be unable to assemble such documentation, plaintiff's counsel cites to a spreadsheet which purportedly lists inmate's conditions as heart attacks." See R.Doc. 33-5.[2] This spreadsheet was not produced in the instant litigation. Instead, it was produced in the *Varnado* matter, which was subject to a protective order that stated that confidential information "may not be used in or for other cases, proceedings or disputes or any other purpose." See Exhibit B, Protective Order in *Varnado*. As such, counsel for plaintiff has made it clear that a protective order does not protect non-party medical records. Counsel for plaintiff continues to use discovery in matters involving Angola as a fishing expedition. The requested documents are not relevant to plaintiff's claims and the motion should be denied.

**3.     The Discovery is Not Proportional to the Needs of the Case**

Under Federal Rule of Civil Procedure 26, a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. However, the discovery must

---

[2] Plaintiff's counsel's characterization of this spreadsheet is incorrect. The spreadsheet contains information of inmate deaths at Angola and lists the cause of death for each.

be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FRCP 26(b)(2)(1). Further, a party need not produce discovery if it is shown that the documents are not reasonably accessible because of undue burden or cost. FRCP 26(b)(2)(B).

Here, plaintiff seeks medical records for any inmate at Angola who has suffered a heart attack in the last ten years. To comply with this request, defendants would be required to sift through medical records of all inmates housed at Angola (approximately 6,000) and determine which inmates have suffered from a heart attack within the last eight years. Defendants do not have a central registry with medical records and would be forced to review each and every inmate's medical records to answer these requests; thus defendants do not have relative access to the information requested. Defendants would also be required to review medical records of any deceased inmate to determine whether they suffered from a heart attack. Sifting through thousands of medical records "would impose burdens and expenses that far outweigh the likely benefit to the plaintiff, if any." See *Miller v. Cain*, No. CIV.A. 12-730-JJB, 2014 WL 2781131, at *2 (M.D. La. June 19, 2014).

Plaintiff's requests are overly broad and irrelevant. Even so, any likely benefit from these requests are severely outweighed by the burden and undue costs. Defendants' objections to the

production of medical records and information regarding any inmate that suffered from a heart attack in the last ten years are valid, and plaintiff's motion to compel should be denied.

        Respectfully Submitted,

        **JEFF LANDRY**
        **Attorney General**

    By:    s/Andrew Blanchfield
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        C. Reynolds LeBlanc (#33937)
        Email: rleblanc@keoghcox.com
        John N. Grinton (#34571)
        Email: jgrinton@keoghcox.com
        Chelsea A. Payne (#35952)
        Email: cpayne@keoghcox.com
        Special Assistant Attorneys General
        701 Main Street (70802)
        Post Office Box 1151
        Baton Rouge, Louisiana 70821
        Telephone: (225) 383-3796
        Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 7th day of August, 2018.

        s/Andrew Blanchfield
        ANDREW BLANCHFIELD