**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PERRY SIMMS** | **CIVIL ACTION** |
| **VERSUS** | **17-202-JWD-EWD** |
| **JAMES LEBLANC, ET AL** | |

**HEARING REPORT AND ORDER**

Plaintiff Perry Simms ("Plaintiff'") is a current inmate at the Louisiana State Penitentiary at Angola ("Angola") who suffered a heart attack on or about May 25, 2016 and who filed the instant suit on April 2, 2017.[1] On July 26, 2018, Plaintiff filed his Motion to Compel Production of Heart Attack Records (the "Motion") and seeks his costs and fees associated with the Motion.[2] In the Motion, Plaintiff alleges that he served discovery requests on October 7, 2017 on Defendants James LeBlanc, Raman Singh, Darryl Vannoy, Stephanie Lamartiniere, Lt. J. Butler, and the Department of Public Safety and Corrections (collectively, "Defendants").[3] Plaintiff alleges Defendants have refused to produce the information sought in Requests for Documents 18-19 and Interrogatories 1-3, all of which seek information regarding other Angola inmates who suffered or died from heart attacks ("the heart attack requests").[4] According to Plaintiff, Defendants have refused to produce the requested information on several grounds, including that the records can only be produced pursuant to signed HIPAA waivers from the inmates whose records are sought, the requests are irrelevant, and that Defendants do not keep responsive information and/or have no way to assemble it.[5]

---

[1] R. Doc. 1.
[2] R. Doc. 33 and p. 5.
[3] R. Doc. 33-1, p. 2.
[4] *Id.* at pp. 2-3 and, *e.g.*, R. Doc. 40.
[5] R. Doc. 33-1, p. 2.

Plaintiff claims that the requested information is related to his *Hinojosa*[6] claim, which is that Defendants were aware of a discrete group of susceptible inmates suffering from acute crisis, *i.e.*, inmates suffering from heart attacks,[7] that Defendants have produced similarly requested non-party medical information before, and that the information can be produced pursuant to a protective order, which Plaintiff proffered to Defendants and which has been approved by this Court in other cases in which defense counsel has participated.[8] Plaintiff alleges that he has engaged in written and verbal communications with defense counsel pursuant to Fed. R. Civ. P. 37 to obtain the requested information to no avail.

In their Opposition, Defendants aver that they have produced over 3,800 pages of documents, submitted numerous written discovery responses, and object to the requests on several grounds.[9] First, they contend that the requests are overly broad and irrelevant, and *Hinojosa* is factually distinguishable and does not support Plaintiff's requests for the medical records.[10] Second, they contend that while Defendants have produced non-party medical records under a protective order in the past, production herein would violate HIPAA because Plaintiff violates protective orders when Plaintiff uses or refers to protected information that has been produced in other cases.[11] Defendants specifically point to Plaintiff's reference (in prior correspondence to Defendants) to a spreadsheet of inmates and their medical conditions that was produced in the *Varnado v. LeBlanc* matter.[12] Third, Defendants contend that the requested discovery is not proportional to the needs of the case. In order to comply with the requests, Defendants would have to review all medical records of all inmates (alive and deceased) at Angola and determine

---

[6] *Hinojosa v. Livingston*, 807 F.3d 657, 667 (5th Cir. 2015).
[7] R. Doc. 33-1, p. 3.
[8] R. Doc. 33-1, p. 4, R. Doc. 40, and R. Doc. 33-7.
[9] R. Doc. 35, p. 2.
[10] *Id.* at pp. 2-3.
[11] *Id.* at p. 4.
[12] No. 13-cv-348 (M.D. La.).

which have suffered heart attacks over the last eight years. Defendants do not have this information centrally stored and it is not readily accessible. The required review would pose a burden and expense on Defendants that far outweighs any benefit to Plaintiff.[13]

On July 30, 2018, this Court issued an Order setting a telephone conference with the parties for August 9, 2018 to discuss the issues raised by Plaintiff's Motion.[14]

On August 9, 2018, the previously scheduled telephone conference was converted to a telephone hearing on the Motion and was held before Magistrate Judge Erin Wilder-Doomes with the following participants:

**PRESENT:** **William Most**          **Andrew Blanchfield**
Counsel for Plaintiff,          Counsel for Defendants,
Perry Simms          James LeBlanc, et al

The Court inquired whether the parties had been able to resolve the Motion. Counsel for the parties advised that they have had discussions but have been unable to resolve the issues raised in the Motion. Defendants stated that, in order to respond to the heart attack requests, a physical review of every inmate record, alive and deceased, would have be to be conducted in order to determine if they have had heart attacks. This would involve a review of thousands of medical records because they are kept as paper files. The Court advised that this did not appear proportional to the needs of the case, to which Plaintiff agreed it was likely not proportional. The Court inquired as to whether Defendants could produce a spreadsheet of inmates who have had heart attacks, similar to the one Defendants produced to Plaintiff in the *Varnado* matter. Defense counsel stated that Defendants have produced electronically stored information ("ESI") already and he is not aware that a spreadsheet exists for heart conditions. Plaintiff's counsel stated that the referenced *Varnado* spreadsheet provides information about some inmates with heart conditions and some

---

[13] *Id*. at pp. 4-6.
[14] R. Doc. 34.

medical information is kept electronically, including a master spreadsheet of inmate medical concerns. Plaintiff proposed that Defendants search all electronic files and records using agreed-upon keywords. Defendants advised that they have already conducted searches of ESI according to search terms, but agreed to confer with Plaintiff regarding additional terms and/or keywords. The Court confirmed that the parties agree that they will confer regarding the ESI searches that have already been conducted and additional keywords and ESI searches that are necessary in light of the ones already conducted. Once an agreement has been reached as to additional keywords, Defendants will only search ESI using those keywords and produce responsive documents to Plaintiff.

The Court advised the parties that it reviewed Plaintiff's proffered protective order, and it appears compliant with the applicable Code of Federal Regulations (*i.e.*, 45 C.F.R. § 164.512) with respect to disclosure of protected health information in response to discovery requests, with the exception of the phrase "except as specified below" in paragraph 10, which is unnecessary.[15] In light of the parties' agreement as to the protective order, the Court will revise the protective order to delete that phrase and will enter it on the record. Documents marked "confidential" will be subject to the protective order.

Accordingly, in light of the agreement by the parties:

**IT IS HEREBY ORDERED** that Plaintiff Perry Simms' Motion to Compel Production of Heart Attack Records, and for reasonable expenses and fees, is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the parties hereto will confer regarding the searches of electronically stored information ("ESI") that Defendants have already conducted to determine if responsive ESI has already been produced to Plaintiff. The parties will also confer regarding

---

[15] R. Doc. 33-7.

whether additional searches for ESI are warranted, and if so, will confer to come to a mutual agreement of keywords that Defendants will use to conduct further ESI searches. Once an agreement has been reached as to additional keywords, Defendants will search ESI using those keywords and produce responsive documents to Plaintiff.

**IT IS FURTHER ORDERED** that the Court will enter the parties' agreed-upon Protective Order as revised, which will protect all documents produced in this matter that are marked "confidential."

Signed in Baton Rouge, Louisiana on August 14, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**