```
                UNITED STATES DISTRICT COURT

                MIDDLE DISTRICT OF LOUISIANA


PERRY SIMMS,
                    CIVIL ACTION NO.17-cv-202-JWD-EWD
        Plaintiff

    V.

JAMES LEBLANC, et al

        Defendants



        PROCES VERBAL in connection with the
proposed deposition of JUSTIN BUTLER, given in
the above-entitled cause, before Raynel E.
Schule, Certified Shorthand Reporter in and for
the State of Louisiana, at the Law Offices of
Messrs. Keogh, Cox & Wilson, Ltd., 701 Main
Street, Baton Rouge, Louisiana, 70802,
commencing at 11:00 o'clock a.m., on Monday, the
13th day of August, 2018.
```

```
 1    APPEARANCES:
 2
      For the Plaintiff:
 3
      WILLIAM MOST, ESQ.
 4    Attorney at Law
      201 St. Charles Avenue, Suite 114, #101
 5    New Orleans, Louisiana    70170
 6
      For the Defendants:
 7
      MESSRS. KEOGH, COX & WILSON
 8    Attorneys at Law
      BY:  ANDREW BLANCHFIELD, ESQ.
 9    701 Main Street
      Baton Rouge, Louisiana    70802
10
11    Reported By:  Raynel E. Schule
                    Certified Shorthand Reporter
12                  State of Louisiana
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                PROCEEDINGS
2          MR. MOST:
3          My name is William Most.  I'm the
4     attorney for Plaintiff, Perry Simms.
5     It's August 13th.  We're here for Perry
6     Simms v. James LeBlanc, et al, which is
7     noticed to Louisiana Case No.
8     17-cv-202.  Present, we have myself,
9     William Most; Andrew Blanchfield is in
10    the room and the court reporter.
11         I'm going to enter as an exhibit a
12    copy of the subpoena, and I'll label
13    this "Exhibit A."  This was a subpoena
14    to testify and also a subpoena duces
15    tecum.  It is dated July 17, 2018.
16    It's directed to Justin Butler, and it
17    commands him to appear at 701 Main
18    Street, Baton Rouge, Louisiana, on
19    August 13th, 2018, at 11:00 a.m. for a
20    deposition.  It also requires him to
21    bring to the deposition documents as
22    described in an attached Notice of
23    Deposition.  The third page of this
24    indicates that it was served by
25    subpoena by delivering -- the subpoena
```

 1    was served by delivering a copy to Mr.
 2    Butler's counsel of record, Andrew
 3    Blanchfield on July 17th, 2018, and it
 4    is signed by myself.  That's "Exhibit
 5    A."
 6         "Exhibit B" is going to be a
 7    Notice of Deposition.  It's a Notice of
 8    Deposition, and it is dated July 17th,
 9    2018.  It's to Justin Butler via his
10    counsel of record, Andrew Blanchfield.
11    It notices that Plaintiff will take the
12    deposition of Defendant, Justin Butler
13    on August 13th beginning at 11:00 a.m.
14    at 701 Main Street, Baton Rouge,
15    Louisiana.  It says, "Mr. Butler is
16    also commanded to bring the following
17    documents:  All not-yet-produced
18    documents in Mr. Butler's possession,
19    custody, or control responsive to
20    Plaintiff's First Request" -- "First
21    Set of Requests for Production."  Item
22    2 is, "All not-yet-produced documents
23    in Mr. Butler's possession, custody,
24    or control responsive to Mr." --
25    "responsive to Plaintiff's Second Set

```
 1          of Requests for Production."  Item 3
 2          is, "All written communications (in the
 3          form of letters, emails, text messages,
 4          etc.) between Justin Butler and Andrew
 5          Blanchfield."  Item. 4 is, "All written
 6          communication (in the form of letters,
 7          emails, text messages, etc.) between
 8          Justin Butler and any employee or agent
 9          of Keogh Cox."  No. 5 is, "All
10          documents in which Justin Butler waived
11          conflicts with any other Defendant."
12          No. 6 is, "All documents in which
13          Justin Butler provided informed consent
14          to be represented by an attorney paid
15          by a third party," and the Notice of
16          deposition -- I'm now ending my quote.
17          The Notice of Deposition specifically
18          indicates that if any document is
19          withheld on the basis of any claim of
20          privilege or otherwise, that he is to
21          provide a privilege log detailing the
22          date, information about the documents,
23          and the -- the nature of the privilege
24          claimed, et cetera.
25              I'm going to identify "Exhibit C,"
```

1      which is email correspondence between
2      myself, William Most, and Mr.
3      Blanchfield.  The email shows a process
4      of reaching an agreement on the date of
5      the deposition between William Most and
6      Mr. Blanchfield.  On July 17th, 2018,
7      Mr. Blanchfield writes, "I am available
8      on the 13th and 14th if one works."
9      He's referring based on contacts in the
10     previous email to August 2018, and then
11     subsequent to that, later on that day,
12     we agree on -- on the date of the 13th,
13     and on the last page, it can be seen
14     that attached is the Deposition Notice
15     and subpoena to Justin Butler.
16          I'm going to read into the record
17     a brief summary of facts, which will
18     take a little bit of time while we wait
19     to see if Mr. Butler shows up.  It is
20     currently 11:11 a.m., and he has not
21     showed up.
22          MR. BLANCHFIELD:
23          Well, I think we're pretty safe in
24     assuming since we have not been
25     successful in contacting Mr. Butler in

1          the last year and a half despite all of
2          our efforts, he's not going to show up
3          this morning.  There's no reason to
4          dream he would show up.
5               MR. MOST:
6               Okay.  Well, I'm just going to
7          read a few --
8               MR. BLANCHFIELD:
9               Well, I don't -- this is a
10         deposition.  It's not -- it's not
11         appropriate for you to read what you
12         think is a recitation of the facts into
13         the record.
14              MR. MOST:
15              Okay.
16              MR. BLANCHFIELD:
17              There's no real -- I mean, what --
18         what is the -- what is the purpose of
19         doing that?
20              MR. MOST:
21              So we've got a concise statement
22         of how we got to the point where Mr.
23         Butler has been subpoenaed, and he's
24         not here today.
25              MR. BLANCHFIELD:

1            Mr. Butler your -- was subpoenaed
2            through me.  I received that subpoena,
3            and it was properly served, and I'm
4            counsel of record for him.  So I think
5            it was proper for you to do that, but
6            much to my chagrin, I have not been
7            able to produce Mr. Butler here.  I
8            would have liked to be able to do that,
9            but despite a lot of efforts, not only
10           by my office but by others, we have not
11           been able to get him here, so and --
12           and you're -- you're entitled to do
13           whatever you want to do with that bit
14           of information, but there's no
15           procedure where you can notice a
16           deposition and then just start reading
17           facts into the record, so I'm going to
18           object to that.
19                MR. MOST:
20                Objection noted, and I'll note
21           that you just read some facts into the
22           record yourself, so I'm going --
23                MR. BLANCHFIELD:
24                Well, do you disagree with that?
25           I mean, the facts I read is that you

```
1          properly prepared and filed and served
2          a -- a subpoena on me.  I mean, I don't
3          think anything I said is contested.
4               MR. MOST:
5               There's nothing -- there's nothing
6          contested in what you said.
7               MR. BLANCHFIELD:
8               Okay.
9               MR. MOST:
10              We're in agreement that this was
11         properly noticed and served.
12              MR. BLANCHFIELD:
13              Yeah, yes, and that we agreed on a
14         date, and that you accommodated me when
15         the first date didn't work for me,
16         yeah.  We are --
17              MR. MOST:
18              Are you going to be -- is your
19         client, some -- someone of your clients
20         amenable to paying for this, the cost
21         of this deposition or will that require
22         a Motion?
23              MR. BLANCHFIELD:
24              Send me a -- a letter with the
25         cost, and I will -- I'll pass it on.  I
```

1             mean, I don't have the authority to --
2             to say one way or the other, but you're
3             increasing the cost if you're about to
4             read all those pages in front of you
5             into the record.
6                  MR. MOST:
7                  Are you -- are you going to
8             withdraw as Mr. Butler's counsel of
9             record pursuant to R.S. 13:5108.1?
10                 MR. BLANCHFIELD:
11                 As of right now, there have been
12            no instructions or plans that I know of
13            for me to withdraw as his counsel.
14                 MR. MOST:
15                 So your instructions regarding the
16            representation of Mr. Butler do not
17            come from Mr. Butler.  Is that
18            accurate?
19                 MR. BLANCHFIELD:
20                 Listen, I'm not going to get into
21            a discussion of that here.
22                 MR. MOST:
23                 All right.  Let me just take a
24            look here.  Okay.  Drew, is there
25            anything else you would like to say for

1       the record while we're on the record?
2            MR. BLANCHFIELD:
3            (Shakes head.)
4            MR. MOST:
5            Okay.  It is 11:15 a.m., August
6       the 13th.  Based on the fact that Mr.
7       Butler has not showed up and based on
8       the representation that counsel of
9       record has listed as his attorney,
10      there's no reason to think that he will
11      show up, I'm going to suspend -- move
12      to suspend this deposition pursuant to
13      certain reservations of rights, the
14      reservation to notice the deposition
15      for another date and time, reservation
16      of the right to the move to compel the
17      witness to appear for the deposition,
18      and a reservation of the right to seek
19      sanctions against the witness and the
20      attorney including reimbursement of
21      costs, et cetera, and I think we can go
22      off the record.
23           MR. BLANCHFIELD:
24           All right.
25           (Whereupon, the proceedings were

```
 1          terminated.)
 2
 3
 4              C E R T I F I C A T E
 5              THIS CERTIFICATION IS VALID ONLY FOR
    A TRANSCRIPT ACCOMPANIED BY MY ORIGINAL
 6  SIGNATURE AND ORIGINAL REQUIRED SEAL ON THIS
    PAGE.
 7
                I, RAYNEL E. SCHULE, Certified Court
 8  Reporter, #77005, in good standing, in and for
    the State of Louisiana, as the officer before
 9  whom this proceeding was taken, do hereby
    certify that this proceeding was reported by me
10  in stenotype reporting method, was prepared and
    transcribed by me or under my personal direction
11  and supervision, and is a true and correct
    transcript to the best of my ability and
12  understanding; that the transcript has been
    prepared in compliance with transcript format
13  guidelines required by statute or by rules of
    the Board, that I have acted in compliance with
14  the prohibition on contractual relationships, as
    defined by Louisiana Code of Civil Procedure
15  Article 1434 and in rules and advisory opinions
    of the Board; that I am not of counsel, not
16  related to counsel or to the parties herein, nor
    am I otherwise interested in the outcome of this
17  matter.
18
19
    _____    _____
20  Date              Raynel E. Schule, CSR
                      Certified Shorthand Reporter
21                    State of Louisiana
22
23
24
25
```