UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PERRY SIMMS** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NUMBER: 3:17-cv-00202 |
| | * | |
| **JAMES LEBLANC, RAMAN SINGH,** | * | JUDGE JOHN W. deGRAVELLES |
| **DARRYL VANNOY, STEPHANIE** | * | |
| **LAMARTINIERE, LT. J. BUTLER,** | * | MAGISTRATE JUDGE |
| **DEPT. OF PUBLIC SAFETY &** | * | ERIN WILDER-DOOMES |
| **CORRECTIONS, and DOES 1-10** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, come Defendants, James LeBlanc, Secretary for the Louisiana Department of Public Safety & Corrections, Dr. Raman Singh, prior Medical/Mental Health Director of the Department of Public Safety & Corrections, Warden Darryl Vannoy, Warden Stephanie Lamartiniere, the Department of Public Safety & Corrections, Justin Butler and Darrell Thrasher, who, pursuant to Federal Rules of Civil Procedure 56, seek to dismiss plaintiff's claims. Plaintiff Perry Simms was evaluated by an EMT once he complained of chest pains, and based on that evaluation, where Simms' vitals were stable, he presented well and was speaking in complete sentences, the EMT determined that Simms was non-emergent and requested that patrol to bring Simms to the treatment center once it was available. Simms was treated in the treatment center and it was noted that his vitals were stable and that the chest pain lessened overnight. He was given nitroglycerin and brought to the hospital. Five days later, Simms underwent heart surgery, which was successful. These facts do not support a claim for deliberate indifference, as defendants did not refuse to treat Simms, or ignore his complaints. Further, there is no evidence

of substantial harm resulting from the alleged delayed treatment. As such, defendants are entitled to summary judgment.

## I.   FACTUAL BACKGROUND

At all times pertinent herein, Perry Simms was an inmate sentenced to the custody of the Louisiana Department of Public Safety and Corrections and was confined to the Louisiana State Penitentiary in Angola. On May 25, 2016 around 2:00 a.m., Simms, who had no prior heart problems, made a complaint to Lt. Butler of chest pains.[1] Lt. Butler called for an EMT, Darrell Thrasher, who evaluated Simms and took his vitals. Simms told Thrasher that the right side of his chest was hurting, and that it was "annoying."[2] Because Simms' vital signs were stable, he was presenting well and speaking in complete sentences, breathing adequately and had a strong pulse, Simms' condition was non-emergent.[3] Because Simms was non-emergent, Thrasher made the decision to have patrol bring Simms to the treatment center, instead of an ambulance.[4]

Once patrol was available, Simms was transported to the treatment center. Simms reported that he had chest pains, which lessened overnight.[5] Angola ordered an EKG, labs and an x-ray.[6] Angola administered nitroglycerin spray, which reportedly resolved the chest pain.[7] Medical records

---

[1] Affidavit of Dr. Colon and attached medical records, Exhibit A.

[2] Deposition of Darrell Thrasher, Exhibit B, p. 74, line 12.

[3] Deposition of Darrell Thrasher, Exhibit B, pp. 75, 88-89.

[4] Deposition of Darrell Thrasher, Exhibit B, pp. 48, 52, 88-89.

[5] Affidavit of Dr. Colon and attached medical records, Exhibit A.

[6] Affidavit of Dr. Colon and attached medical records, Exhibit A.

[7] Affidavit of Dr. Colon and attached medical records, Exhibit A.

indicate that Simms was upright and speaking in full coherent sentences.[8] Simms was then transported to Lane Medical for further evaluation. When he was examined at Lane, the doctor noted that he appeared comfortable and alert, and had regular unlabored breathing.[9] Simms was still not considered "emergent," as the <u>following day</u>, Lane performed an elective cardiac catheterization.[10] Lane then transported Simms to Our Lady of the Lake. Five days after the initial chest pains, on May 30, 2016, Simms underwent an aortic valve replacement and bypass.[11] Following the surgery, his surgeon reported that he was doing "exceedingly well" and had no issues or complaints.[12]

## II. LAW AND ARGUMENT

### 1. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Robinson v. Wheeler*, 338 F. App'x 437, 438 (5th Cir. 2009); See also F.R.C.P. 56. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Boudreaux v. Swift Transpo. Co., Inc.,* 402 F.3d 536, 540 (5th Cir. 2005). This burden is not satisfied by some

---

[8] Affidavit of Dr. Colon and attached medical records, Exhibit A.

[9] Affidavit of Dr. Colon and attached medical records, Exhibit A.

[10] Affidavit of Dr. Colon and attached medical records, Exhibit A.

[11] Affidavit of Dr. Colon and attached medical records, Exhibit A.

[12] Affidavit of Dr. Colon and attached medical records, Exhibit A.

metaphysical doubt as to the material fact, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Id.*

Applying the summary judgment standard warrants a dismissal of plaintiff's claims. There are no genuine issues of fact that plaintiff's medical treatment did not violate the Eighth Amendment, and that plaintiff did not suffer substantial harm. Defendants are entitled to judgment as a matter of law.

    **2.**    **Eighth Amendment Claims Should be Dismissed**

It is well-settled that to prevail on an Eighth Amendment claim for the deprivation of medical care, a prisoner must be able to show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Thomas v. Carter*, 593 Fed. Appx. 338, 342 (5th Cir.2014), citing *Estelle v. Gamble*, 429 U.S. 97 (1976). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue because a prisoner's mere disagreement with his medical treatment, absent exceptional circumstances, does not support a claim of deliberate medical indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir.2006). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Bagneris v. Collins*, No. CV 14-0724, 2016 WL 1122995, at *3 (M.D. La. Mar. 7, 2016), *report and recommendation adopted*, No. CV 14-724-SDD-EWD, 2016 WL 1189336 (M.D. La. Mar. 22, 2016).

Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 83930 (1994). A prison official acts with deliberate indifference only if the official (1) "knows that inmates face a substantial risk of serious bodily harm," and (2) "disregards that risk by failing to take

reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d at 346, quoting *Farmer v. Brennan*, 511 U.S. at 847.

The deliberate indifference standard sets a very high bar. The plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), quoting *Estelle v. Gamble*, supra. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir.2006), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

   a. **Treatment by Darrell Thrasher**

Here, there is no evidence that Thrasher refused to treat Simms, ignored his complaints, or intentionally treatment him incorrectly. To the contrary, Thrasher evaluated Simms, found that his vitals were stable, he was speaking in complete sentences and had a strong pulse, and determined that his condition was not emergent, but that he should be taken to the treatment center. While Thrasher could have called an ambulance if he felt Simms' condition was emergent, Thrasher exercised his medical judgment in referring Simms to the treatment center. This does not constitute deliberate indifference. See *Wilson v. McGinnis*, 651 F. App'x 263, 264 (5th Cir. 2016) (defendants' decisions were a matter of medical judgment and not enough to qualify as deliberate indifference).

While it is unnecessary to show that the medical judgment was proper, Thrasher's determination that Simms was not emergent is corroborated by the medical records. Once Simms was seen in the treatment center, the records note that he was alert, could communicate and that the

chest pains had lessened overnight. There is no evidence that Thrasher was deliberately indifferent to Simms' serious medical needs; Simms was evaluated, found not to be an emergent case, and sent to the treatment center for follow-up care. The fact that Simms had surgery five days later does not show deliberate indifference.

### b.  Justin Butler was not deliberately indifferent

For the same reasons, plaintiff cannot show that Justin Butler was deliberately indifferent. Butler testified that after Thrasher evaluated Simms, Butler offered for Simms to come sit in his office so he could keep an eye on him.[13] Simms declined, and Butler told Simms that he would keep an eye on him and if he started feeling chest pains again or if he got any worse to let him know.[14] Simms never came to Butler with any other complaints.[15] Butler called for a patrol and Butler's captain said he would try and find a patrol driver.[16]

Butler was present when Thrasher evaluated Simms. Butler understood from the evaluation that Simms was non-emergent. Had Simms been emergent, Thrasher could have called for an ambulance. Thrasher asked Butler to send Simms to the treatment center once patrol became available. Butler called for the patrol and even went beyond and offered for Simms to sit in his office with him. At no time did Butler refuse to treat Simms, ignore his complaints, or intentionally treat him incorrectly. Thus plaintiff's claims of deliberate indifference are without merit.

---

[13] Deposition of Justin Butler, Exhibit C, p. 65.

[14] Deposition of Justin Butler, Exhibit C, p. 66.

[15] Deposition of Justin Butler, Exhibit C, p. 66.

[16] Deposition of Justin Butler, Exhibit C, p. 67.

### c.     Plaintiff cannot show supervisory liability

In order for a prison official to be found liable under § 1983, the official must be shown to have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be shown to be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or respondeat superior is alone insufficient to state a claim under § 1983. In the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. Supervisory liability can be found to exist if a supervisory official implements a policy so deficient that the policy itself may be seen to be a repudiation of constitutional rights and may be seen to be the moving force behind a constitutional violation. *Thompkins v. Belt,* 828 F.2d 298 (5th Cir. 1987).

Plaintiff alleges that and "Advocacy Center letter and other sources of information made Defendants aware of a substantial risk of serious harm to a discrete class of vulnerable inmates (Angola inmates suffering from acute medical crises)" and that defendants failed to take steps to correct the problem, citing *Hinojosa v. Livingston*, 807 F. 3d 657, 667 (5th Cir. 2015).[17] However, the undisputed facts do not support this argument.

---

[17] R. Doc. 22, para. 88-90.

In *Hinjosa*, a mother of an inmate who died of complications from a heat stroke brought suit against the Texas Department of Criminal Justice. Defendants filed a Rule 12 motion, arguing that they were entitled to qualified immunity. Defendants argued that the complaint failed to state a claim for relief because it failed to allege that defendants were aware of the inmate's specific medical needs. The court found that the complaint alleged that defendants were aware of the risk to recently transferred inmates with conditions like the deceased inmate's and took no action. Thus, plaintiff *stated a claim* for deliberate indifference against them.

The same reasoning does not apply here. Plaintiff's broad and conclusory allegations that defendants were aware that inmate suffered from an acute medical crisis does not prove supervisory liability. Here, the EMT that evaluated Simms found that his condition was not emergent; Simms was later transported to the treatment center, then transported to a hospital for further evaluation. Five days later, plaintiff underwent surgery. These facts do not support a deliberate indifferent claim against the officials.

### d.     **Plaintiff cannot show substantial harm**

Even if there are material facts regarding whether defendants were deliberately indifferent, which is denied, plaintiff cannot show that he suffered substantial harm as a result of the alleged delay, which is required to succeed on a claim for deliberate indifference. Simms was informed by Butler to let him know if his chest pains continued and never made any other complaints that morning. When he was transferred to the treatment center, his vitals remained stable. His medical records indicated that his chest pains lessened overnight, and that he was not experiencing pain at the hospital. Simms underwent a successful surgery to correct his coronary artery disease. There is

no indication that the treatment or result would have been any different had Simms been brought to the hospital any earlier. In fact, he did not undergo surgery until five days after the initial chest pains.

Dr. Richard Colon opined that there was no permanent damage as a result of the alleged delay. Plaintiff's reliance on experimental animals models cannot establish substantial harm.[18] Plaintiff has not presented any evidence, expert or otherwise, to show substantial harm. See *Fuller v. Harris Cty.*, 294 F. App'x 167, 169 (5th Cir. 2008); *O'Bryant v. Culpepper*, 214 F.3d 1350 (5th Cir. 2000).

### 3. Plaintiff's State Law Claims Should be Dismissed

28 U.S.C. § 1367 permits a district court to decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it had original jurisdiction. Here, because plaintiff's federal law claims should be dismissed, this Court should not exercise supplemental jurisdiction over plaintiff's state law claims. Here, this Court has not devoted significant judicial resources to the state law negligence claims or become "intimately familiar" with Simms' state law arguments, and thus dismissal is proper. See *Anderson v. Marshall Cty., Miss.*, 637 F. App'x 127, 135 (5th Cir.), cert. denied, 137 S. Ct. 67, 196 L. Ed. 2d 34 (2016)

## III. CONCLUSION

Plaintiff's claims against defendants should be dismissed. Plaintiff was immediately evaluated by an EMT once he declared himself a medical emergency. The EMT did a thorough evaluation and noted that his vital signs were stable and that Simms was not an emergency. Thus, the EMT made a medical decision that does not constitute deliberate indifference. For the same reasons, Justin Butler was not deliberately indifferent when he knew that the EMT determined that

---

[18] R.Doc. 22, para. 62.

the situation was non-emergent and called for a patrol as directed. Plaintiff also cannot show supervisory liability where there is no evidence that a policy was a moving force behind a violation. Lastly, even if deliberate indifference is shown, there is no evidenced that plaintiff suffered substantial harm as a result of the alleged delay. As such, plaintiff's claims should be dismissed.

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By:\_\_\_\_s/Andrew Blanchfield_____
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
John N. Grinton (#34571)
Email:  jgrinton@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone:  (225) 383-3796
Facsimile:  (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 19th day of October, 2018.

    s/Andrew Blanchfield    
ANDREW BLANCHFIELD